IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE RIVERA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1794-N-BD |
| | § | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT | § § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Rivera, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 1992, petitioner, a citizen of Mexico who illegally entered the United States, was sentenced to 20 years in Texas state prison following his convictions for robbery, sexual assault, retaliation, and unauthorized use of a motor vehicle. (*See* Hab. Pet. at 2; Mag. J. Interrog. #1). Based on those convictions, federal immigration authorities initiated removal proceedings against petitioner. (*See* Hab. Pet. at 2; Mag. J. Interrog. #4). A final order of removal was issued in 1997, and petitioner will be removed to Mexico after he completes his state prison sentence. (*See* Mag. J. Interrog. #6).

On September 10, 2010, petitioner filed an application for writ of habeas corpus in federal district court seeking an "adjustment of status" to prevent his removal. Before addressing this claim, the court must determine the threshold issue of subject matter jurisdiction.

II.

The sole function of the writ of habeas corpus is to grant relief from unlawful imprisonment or custody. It cannot be used for any other purpose. *See Rajwany v. Ashcroft*, No. 3-04-CV-0818-K, 2004 WL 2049279 at *2 (N.D. Tex. Sept. 13, 2004), *rec. adopted*, 2004 WL 2607781 (N.D. Tex. Nov. 16, 2004), *citing Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Thus, a person seeking a writ of habeas corpus must be "in custody" at the time the habeas petition is filed. *See* 28 U.S.C. § 2241(c); *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003), *citing Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). In immigration cases, the Fifth Circuit has held that the mere existence of a removal order or an ICE detainer is insufficient to place an alien "in custody" for purposes of habeas relief. *Zolicoffer*, 315 F.3d at 541 (detainer); *United States ex. rel. Marcello v. District Director, I.N.S.*, 634 F.2d 964, 970 (5th Cir.), *cert. denied*, 101 S.Ct. 3052 (1981) (removal order). *See also Fernandez v. I.N.S.*, No. 3-01-CV-0317-P, 2001 WL 435065 at *2 (N.D. Tex. Apr. 20, 2001), *rec. adopted*, 2001 WL 493142 (N.D. Tex. May 7, 2001) (holding that state prisoner subject to a removal order and an INS detainer is not in immigration "custody"). To satisfy the "in custody" requirement, an alien must establish some restriction on his or her liberty resulting from a final order of removal. *See, e.g. Zolicoffer*, 315 F.3d at 540, *quoting Pack*, 218 F.3d at 454 n.5 ("Usually, 'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.").

Although petitioner may be subject to a final order of removal, he is not being held in immigration custody. (*See* Mag. J. Interrog. #1). There is no allegation, much less evidence, that petitioner has experienced any restriction on his liberty as a result of the removal order. Instead, petitioner's liberty is restricted because of his incarceration for multiple state criminal offenses. *See Rajwany*, 2004 WL 2049279 at *2 (rejecting argument that mere threat of removal satisfies "in

custody" requirement of section 2241); *Fernandez*, 2001 WL 435065 at *2 (same). For that reason alone, the court lacks subject matter jurisdiction.

III.

Even if petitioner were in immigration custody for purposes of section 2241, the court lacks subject matter jurisdiction to consider his request for an adjustment of status. Section 106 of the REAL ID Act provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act* . . . For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub.L. 109-13, 119 Stat. 231, § 106(a)(5), *codified at* 8 U.S.C. § 1252(a)(5) (emphasis added); *see also Alvarado v. Holder*, No. 09-11084, 2010 WL 3448521 at *1 (5th Cir. Aug. 30, 2010), *citing Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1055 (2006) (noting that "sole means" available to Texas prisoner challenging final order of removal would be to file a petition for review in the appropriate court of appeals). In his interrogatory answers, petitioner states that he was not informed by the state criminal court of the deportation consequences of his plea, (*see* Mag. J. Interrog. #2), and that he was denied due process in connection with the removal proceedings. (*See* Mag. J. Interrog. #2, 5, 6). However, none of those claims are subject to review by a federal district court. Absent a statute or controlling legal authority that creates an exception

to the jurisdiction stripping provisions of the REAL ID Act, this court lacks subject matter jurisdiction over petitioner's claims.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be summarily dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE